# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANUPAMA BEKKEM, M.D., )
)
        Plaintiff, )
vs. ) NO. CIV-14-0996-HE
)
ROBERT A. MCDONALD, SECRETARY, )
U.S. DEPARTMENT OF VETERANS )
AFFAIRS, )
)
        Defendant. )

## ORDER

Plaintiff Anupama Bekkem, M.D. sued Robert A. McDonald, Secretary of the United States Department of Veterans Affairs, asserting hostile work environment, disparate treatment and retaliation claims under Title VII of the Civil Rights Act of 1964 and a claim under the Equal Pay Act, 29 U.S.C. § 206(d). Defendant filed a partial motion to dismiss, which the court granted in part. Plaintiff filed an amended complaint and defendant has moved again to dismiss her claims for hostile work environment and disparate treatment pursuant to pursuant to Fed.R.Civ.P. 12(b)(6).

The applicable standard is well established. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The petition must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The court previously dismissed plaintiff's hostile work environment claim because the complaint did not contain any facts from which it could "be inferred that defendant harassed plaintiff because of a protected characteristic." Doc. #14, p. 7. It found the same problem existed with her disparate treatment claim. With the exception of her disparate treatment claim based on unequal pay, there was "nothing other than sheer speculation to link" the alleged acts supporting plaintiff's disparate treatment "to a discriminatory ... motive." Khalik v. United Air Lines, 671 F.3d 1188, 1194 (10th Cir. 2012). Plaintiff has done nothing in her amended complaint to correct those deficiencies.

Hostile Work Environment Claim

To establish the elements of her hostile work environment claim plaintiff must prove: "(1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on [a protected characteristic]' and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007) (internal quotations omitted)." Once she establishes these elements, plaintiff must "identify one of three alternative bases for holding . . . her employer liable under Title VII," such as that her employer "had actual or constructive knowledge of the hostile work environment but did

2

not adequately respond to notice of the harassment." *Id.*

Plaintiff bases her hostile work environment claim on the behavior of a RN, Nurse Nale, who was assigned to plaintiff's team, the alleged failure of the management team at the VA to investigate plaintiff's repeated claims of harassment by Nurse Nale and their failure to reassign Nurse Nale despite plaintiff's requests.[1] Defendant contends plaintiff's hostile work environment claim should be dismissed because she fails to describe the unwelcome harassment allegedly inflicted by Nale and fails to specify the protected characteristic that elicited the harassment. Defendant also contends the alleged conduct was not sufficiently severe or pervasive to be actionable. The court agrees.

In her amended complaint, plaintiff alleges that Nurse Nale failed to follow her instructions, undermined her work relationships, failed to follow proper protocol, and refused to perform tasks plaintiff assigned her, but "did not engage in similar behavior with physicians and staff who did not share in any of Dr. Bekkem's protected characteristics." Doc. #15, ¶12. She alleges her attempts to resolve the problem failed, that no effort was made by her superiors to investigate or reassign Nurse Nale or address her alleged abusive behavior, although "[s]imilarly situated physicians who did not share in any of Dr. Bekkem's protected characteristics, specifically female, from India, brown, Asian-Indian, and/or of the Hindu religion, and who had not complained of unlawful

---

[1]*Plaintiff includes a lot of extraneous allegations in her hostile work environment claim – complaints about an increase in her work load, being denied the opportunities to earn additional pay, being subjected to increased scrutiny, etc. See Doc. #15, ¶ 40. Those allegations pertain to plaintiff's claims of disparate treatment, not to whether she was subjected to a hostile work environment.*

harassment and discrimination, were not treated in this manner." *Id.* at ¶14.

Plaintiff has alleged that Nurse Nale was difficult to work with and that her actions affected patient care. What she has not alleged is why Nale's conduct was "'so objectively offensive as to alter the 'conditions' of [her] employment.'" Harsco Corp., 475 F.3d at 1187 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998)). Merely claiming that "Nale's behavior was abusive and created a discriminatory hostile work environment for Dr. Bekkem," Doc. #15, ¶12, is not sufficient. Plaintiff has failed to allege what could be characterized as even one specific instance of harassment. The court and defendant are left guessing as to what Nurse Nale did or said that was sufficiently severe or pervasive to create "an environment that a reasonable person would find hostile or abusive." Harsco Corp., 475 F.3d at 1187. While plaintiff is not required to describe every incident, or even most incidents that occurred, she must include some details in her complaint.

The court and defendant also are left guessing as to which protected characteristic (or characteristics) formed the basis for the alleged harassment of plaintiff – whether it was her gender, race, religion, national origin, or color. All plaintiff alleges is that "Nale's behavior appeared to be motivated by a discriminatory animus based upon one or more of Dr. Bekkem's protected characteristics, specifically female, from India, brown, Asian-Indian, and/or of the Hindu religion." Doc. #15, ¶12. Again, that is not enough. The harassment must be <u>because of</u> the protected characteristic. *See* Harsco Corp. 475 F.3d at 1186. Simply asserting that "Nale did not engage in similar behavior with

4

physicians and staff who did not share in any of Dr. Bekkem's protected characteristics," Doc. #15, ¶12, is insufficient when the plaintiff has listed five separate protected characteristics and not identified any of the physicians or staff.

Without more, plaintiff's hostile work environment claim is not plausible under the Twombly/Iqbal standard. Plaintiff has failed to allege a single example of abusive behavior, much less the pervasive or severe conduct required to meet the threshold for a hostile work environment claim. She also has failed to plausibly allege discriminatory intent. Plaintiff's hostile work environment claim will be dismissed.

Disparate Treatment Claims

The court previously concluded plaintiff had sufficiently alleged a disparate treatment claim for unequal pay based on gender. In her amended complaint plaintiff claims disparate treatment with respect to numerous employment actions, including a reprimand and a negative performance evaluation. She also alleges that she was assigned an increased work load, was denied the opportunity to earn additional pay and received less support than her counterparts.[2] These claims suffer from the same problem as plaintiff's hostile work environment claim – the absence of facts from which it can be inferred that defendant discriminated against plaintiff because of a protected

---

[2]*Several of plaintiff's grounds for her disparate treatment claim are insufficient because they do not constitute adverse employment actions. See Hoko v. Huish Detergents, Inc., 453 Fed. Appx. 799, 802 (10th Cir. 2011) ("Adverse employment action includes significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.") (internal quotations omitted).*

characteristic.

To prevail on a disparate treatment claim, "the plaintiff must prove that [her] employer acted with a discriminatory intent or motive." Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1166 (10th Cir. 2000) (internal quotations omitted). While this can be done by direct evidence of discrimination, it is usually accomplished by following the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Orr v. City Of Albuquerque, 417 F.3d 1144, 1149 (10th Cir. 2005). The first step of the McDonnell Douglas analysis requires the plaintiff to prove a prima facie case of disparate treatment by showing "(1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." Plaintiff does not have to establish a prima facie case in her complaint to meet the 12(b)(6) standard, but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." Khalik, 671 F.3d at 1192. *Id.* Here, plaintiff has not come close to pleading the third element.

Plaintiff repeatedly compares her treatment to "[o]ther physicians, who did not share in Dr Bekkem's protected characteristics," Doc. #15, ¶33, but she never identifies the other physicians or discusses their circumstances and how or when they were treated differently from her. Plaintiff does not specify whether she is referring to the same physicians each time or provide any information regarding any of them. It is unclear if they are all male, all non-brown, all non-Asian-Indian, and all non-Hindu or some combination of the above. She simply provides no facts to support her conclusory

6

allegations.  The court cannot reasonably infer, merely from plaintiff's comparison of her treatment to "[s]imilarly situated physicians who did not share in Dr. Bekkem's protected characteristics," that defendant discriminated against her.  In one instance plaintiff does not compare herself to other physicians, but just complains of the treatment she was given and attributes it to "her protected characteristics."  *Id*. at ¶35.

Plaintiff "should know why she believed [the] action[s] [were] connected with discriminatory animus," Khalik, 671 F.3d at 1194, and she should be able to allege it.  As she has not done that, once again plaintiff's attribution of a discriminatory intent to defendant's actions is nothing more than speculation.  Therefore, plaintiff's disparate treatment claims will be dismissed.

Plaintiff asks in her response brief for leave to amend if defendant's motion to dismiss is granted.  She states that she did not pleaded additional facts in her complaint because she "believed that the specific details, including the identity of the similarly situated employees and other specific details, were appropriate for discovery and not for notice pleading."  Doc. #23, p. 15.  Plaintiff further states that "if the Court requires a heightened pleading standard, Plaintiff possesses facts to allege, which would satisfy the heightened pleading standard that Defendant requests."  *Id.*

The court is not requiring a heightened pleading standard, but merely compliance with Twombly/Iqbal.  Dismissal with prejudice at this stage is also not a sanction or unwarranted.  The parties have already been through two sets of motions to dismiss and the court was quite clear in its March 16, 2015, order that it was dismissing plaintiff's

hostile work environment and disparate treatment claims because she had failed to allege discriminatory intent. Plaintiff is not proceeding *pro se*, but is represented by able counsel. To now state, in response to a second motion to dismiss, that plaintiff can plead facts to bolster her claims, *see* Doc. #23, p. 15 n 10, is too late. It is time for the case to proceed on the claims that have been adequately pleaded.

Accordingly, defendant's partial motion to dismiss [Doc. #17] is **GRANTED**. Plaintiff's hostile work environment claim and her disparate treatment claims, except for her unequal pay claim based on her gender, are **DISMISSED** without leave to amend.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE